**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINA AMBASA CASEY, | No. 05-73712 |
| Petitioner, | Agency No. A041-251-316 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Lina Ambasa Casey, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") orders dismissing her appeal

from an immigration judge's deportation order and denying her motion to reopen.

Under the REAL ID Act of 2005, we construe Casey's transferred habeas petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

as a petition for review, and we have jurisdiction under 8 U.S.C. § 1252. *See*

*Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005). We review de

novo constitutional claims, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and

we grant the petition for review.

The BIA violated Casey's equal protection rights by denying section 212(c)

relief on the basis that she was in deportation proceedings. *See Servin-Espinoza v.*

*Ashcroft*, 309 F.3d 1193, 1196-99 (9th Cir. 2002) (BIA's administrative policy of

applying section 440(d) of the Antiterrorism and Effective Death Penalty Act of

1996 to bar section 212(c) relief against deportable but not excludable aliens

during the time period between May 14, 1997, and June 7, 1999, violates equal

protection). Accordingly, we remand to give Casey "the same opportunity to apply

for § 212(c) relief that excludable aliens were given." *Id*. at 1199. In light of our

disposition, we do not reach the issue of whether AEDPA § 440(d) applies

retroactively to Casey. The government's mootness argument is unpersuasive.

**PETITION FOR REVIEW GRANTED; REMANDED.**